IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID WHEELER,**

    **Plaintiff,**

v.                                                             Civil Action No. 2:10cv37
                                                                      (Judge Bailey)

**LT. AARON SIMONTRON**
**CO II PAUL KUHN**
**CO II JOSH HENTHORNE**
**CO II ROBERT VANMETER AND**
**JOHN DOE**

    **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* plaintiff initiated this § 1983 civil rights action on March 18, 2010. [Dckt. 1]. On April 12, 2010, he was granted permission to proceed as a pauper and an initial partial filing fee was assessed. [Dckt. 11]. The plaintiff paid the initial partial filing fee on April 28, 2010. [Dckt. 13]. Consequently, the undersigned subsequently conducted a preliminary review of the file and directed the defendants to file an answer. [Dckt. 15].

On May 20, 2010, the defendants filed a motion to dismiss and a memorandum in support. [Dckt. 24 & 25]. Because the plaintiff is proceeding without counsel, a Roseboro notice issued on June 1, 2010. [Dckt. 26]. The plaintiff filed his response on July 1, 2010, to which the defendants replied shortly thereafter. [Dckt. 33 & 35].

On September 2, 1010, the undersigned issued an Opinion/Report and Recommendation (R&R), recommending that the defendants motion to dismiss be construed as a summary judgment motion and denied. [ Dckt. 36]. No objections were filed and the R&R was adopted in its entirety

on November 9, 2010. [Dckt. 39].

On November 22, 2010, the defendants filed an answer to the complaint. [Dckt. 41]. On December 3, 2010, the undersigned ordered discovery to be completed within 120 days from the date of the opinion. [Dckt. 44]. On February 7, 2011, the defendants filed a motion for the Court to deem their requests for admission that were served upon the plaintiff be admitted. [Dckt. 51]. On February 23, 2011, the defendants filed a motion to compel the plaintiff to answer interrogatories and produce documents, and also for the Court to extend the discovery deadline. [Dckt. 52]. The Court granted both these motions on February 24, 2011, compelling the defendant to answer the defendants' discovery requests within twenty-one days from the date of the order. [Dckt. 53].

## II.  Contentions of the Parties

The defendants have filed a motion to dismiss on the ground that the plaintiff has violated Rule 41(b) of the Federal Rules of Civil Procedure by failing to abide by a court order. [Dckt. 55]. Specifically, they allege that the plaintiff has failed to respond to the discovery requests that were ordered by this Court, and therefore dismissal of the plaintiff's case is proper. They further contend that the plaintiff has been moved to another facility, and therefore his claim for injunctive relief is now moot.

The plaintiff received a Roseboro notice of the defendants' motion to dismiss on April 1, 2011, [dckt. 57], yet failed to file a response.

## III.  Analysis

**1.  Rule 41(b) and Rule 37(b)(2)(A)(v)**

According to Rule 41(b) of the Federal Rules of Civil Procedure, "if the plaintiff fails to prosecute or to comply with these rules or a Court Order, a defendant may move to dismiss the action

or any claim against it." Further, Rule 37(b)(2)(A)(v) states "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may . . . dismiss[ ] the action."

In the Court's "Order Granting Defendants' Discovery Motions and Extending the Discovery Deadlines," [dckt. 53], the Court warned the plaintiff that if he failed to comply with the Court's discovery order he was at risk for having his case dismissed. The Court then granted the plaintiff twenty-one days to provide answers to the discovery requests from the defendants. The plaintiff has provided no answers to the discovery requests. Further, he has failed to respond to the Roseboro notice sent to him after the defendants' filed this motion to dismiss, thus losing his opportunity to justify his behavior. It is apparent that the plaintiff has intentionally abandoned this lawsuit. Moreover, Plaintiff's failure to provide discovery has delayed the action; frustrated Defendants' ability to defend the case; and has prejudiced the Defendants. In addition, the Court must have the ability to control the cases pending before it in order to provide all parties with an orderly administration of justice. The Court must not let one acting without justifiable excuse frustrate that process and establish a precedent that it is appropriate to file a claim and then refuse to provide discovery. Therefore, it is recommended that defendants motion to dismiss be **GRANTED**.

## 2. The Plaintiff's Claim for Injunctive Relief is Moot

The defendants also claim that the plaintiff's claim is now moot due to his transfer to another facility. If the District Judge adopts the recommendation to dismiss this action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure, the injunctive relief issue then moot.

## IV. Recommendation

For the reasons stated, the undersigned recommends that the defendants' "Motion to Dismiss Pusuant to Rule 41(b)" [dckt. 55] be **GRANTED** and the plaintiff's complaint [dckt. 1] be **DISMISSED** from the active docket of this Court.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk, written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: July 11, 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE